UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

KIM ANTHONY POLONCZYK,

     Plaintiff,

v.                                    Case No. 3:15cv245-LC-CJK

STATE OF FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant, Escambia County Tax Collector's Motion to Dismiss Second Amended Complaint (doc. 21), Corrected Motion to Dismiss of Defendants State of Florida and Florida Department of Highway Safety and Motor Vehicles (doc. 24), and plaintiff's motions for judgment on the pleadings (docs. 27, 32). Having carefully reviewed the motions and responses, the undersigned finds defendants' motions should be granted and plaintiff's motions should be denied.

## BACKGROUND

This matter stems from the denial of a motorcycle endorsement on plaintiff's Florida driver's license due to the fact the State of Florida did not give reciprocal endorsements to Alabama residents because, at the time plaintiff sought the endorsement, Alabama did not test prior to issuing motorcycle endorsements. According to plaintiff, when refusing to grant him a reciprocal motorcycle endorsement, officials at the Escambia County Tax Collector's office informed him that Florida grants motorcycle endorsements by reciprocity with every state but Alabama because "Alabama does not test right." Doc. 12, p. 3. Plaintiff asserts claims for "federalism," alleging the "[f]ederal [g]overnment requires that driver licenses and testing be standardized and legal throughout the states" and that "one state cannot selectively discriminate against another which it did here;" violation of the Commerce Clause; and violation of the Civil Rights Act of 1866. He seeks a motorcycle endorsement on his driver's license, for the State of Florida to issue a public apology to the State of Alabama, reimbursement of the "costs of the transfer of plates and license for the Plaintiff," "not less than $100,000.00," and "relocation fees for the Plaintiff back to the State of Mississippi." Doc. 12 at p. 5.

The Escambia County Tax Collector ("Tax Collector") has moved to dismiss plaintiff's complaint against it, arguing plaintiff has failed to state a claim upon which

relief can be granted. Specifically, the Tax Collector argues the complaint sets forth "no legal authority or capacity for the Tax Collector to give him any of the relief he requests." Doc. 21 at p. 2. According to the Tax Collector, only the State of Florida ("State") or Florida Department of Highway Safety and Motor Vehicles ("DHSMV") can grant the relief plaintiff seeks. The State and DHSMV, however, also argue plaintiff has failed to state a claim upon which relief can be granted, maintaining the State is not a proper defendant because it was the DHSMV that denied plaintiff's application, plaintiff's claims are barred by the Eleventh Amendment, the defendants are not "persons" subject to suit under § 1983, the State had a rational basis for refusing to grant reciprocity to Alabama residents, licensing drivers is an area of state sovereignty not subject to the Commerce Clause, and plaintiff's claim under the Civil Rights Act of 1866 fails on its face because plaintiff has not alleged his race was a factor in the decision to deny his application for a motorcycle endorsement.

DISCUSSION

A.    Standard of Review

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of the complaint for failure to state a claim on which relief can be granted. While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it "demands

more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

When considering a motion to dismiss,"the court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference; *see Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted); the court also accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff, *see Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The court, however, need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

Here, plaintiff has alleged insufficient facts to support a claim for relief against the defendants. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983. Liberally construing the second amended complaint, and giving plaintiff all benefit of the doubt, plaintiff has attempted to allege violations of the Equal Protection Clause, Commerce Clause, and Civil Rights Act of 1866.

B.      Plaintiff's Claims

1.      Tax Collector

With regard to plaintiff's claims against the Tax Collector, Fla. Stat. §

322.12(5)(a) bestows upon the DHSMV the task of issuing driver's licenses.

According to the statute,

> [t]he department shall formulate a separate examination for
> applicants for licenses to operate motorcycles. Any
> applicant for a driver license who wishes to operate a
> motorcycle, and who is otherwise qualified, must
> successfully complete such an examination, which is in
> addition to the examination administered under subsection
> (3). The examination must test the applicant's knowledge
> of the operation of a motorcycle and of any traffic laws
> specifically relating thereto and must include an actual
> demonstration of his or her ability to exercise ordinary and
> reasonable control in the operation of a motorcycle. . . .
> The department shall indicate on the license of any person
> who successfully completes the examination that the
> licensee is authorized to operate a motorcycle. If the
> applicant wishes to be licensed to operate a motorcycle
> only, he or she need not take the skill or road test required
> under subsection (3) for the operation of a motor vehicle,
> and the department shall indicate such a limitation on his
> or her license as a restriction. Every first-time applicant for
> licensure to operate a motorcycle must provide proof of
> completion of a motorcycle safety course, as provided for
> in s. 322.0255, before the applicant may be licensed to
> operate a motorcycle.

The statute allows for exemption of applicants who "present[] a certificate showing

successful completion of a course approved by the department, which course includes

a similar examination of the knowledge and skill of the applicant in the operation of a motorcycle." Fla. Stat. § 322.12(5)(b).

Although the DHSMV is responsible for formulating the driver test and is "charged with the administration and function of enforcement" of the law regarding vehicle licensure, the legislature transitioned "all driver license issuance services to tax collectors . . . ." Fla. Stat. § 322.02(1) and (2).  Indeed, the DHSMV was allowed to designate county tax collectors as "the exclusive agent of the department to implement and administer the provisions of th[e] chapter as provided by s. 322.135." Fla. Stat. § 322.02(5).  The DHSMV, however, was tasked with "mak[ing] and adopt[ing] rules and regulations for the orderly administration of th[e] chapter." Fla. Stat. § 322.02(6).

Accordingly, any rule or regulation that has precluded plaintiff from receiving a motorcycle endorsement was adopted by the DHSMV.  The Tax Collector merely implemented and enforced the rule or regulation.  And plaintiff does not allege the Tax Collector or anyone in the Tax Collector's office wrongly implemented or enforced any rule or regulation.  Instead, he challenges the rule or regulation itself. As such, plaintiff's claims, if any, lie against the DHSMV.

2.     State and DHSMV

The State and DHSMV argue plaintiff's claims are barred by the Eleventh Amendment. It is well settled that absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *Fed. Mar. Comm'n v. S.C. State Ports Auth.,* 535 U.S. 743 (2002); *Ky. v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends also to state agents and state instrumentalities, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), and arms of the state as well as state officials, *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

Plaintiff's claims against the State of Florida plainly are barred by the Eleventh Amendment. The same is true with regard to the DHSMV, which is an agency of the State. *See, e.g., Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (noting "the Eleventh Amendment extends to state agencies and other arms of the state"); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against a department of a state "is no different from a suit against the State itself"). Plaintiff's claims against the State and DHSMV also fail because neither defendant is a "person" for purposes of § 1983. *See id.* at 72 (holding that "neither a State nor its officials

acting in their official capacities are 'persons' under § 1983").

Even if plaintiff's claims against the State and DHSMV were not barred and not defective on their face, plaintiff has failed to plead facts sufficient to state any viable claim. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To state a claim under the Equal Protection Clause, a plaintiff must allege (1) he was treated differently from similarly situated persons and (2) the defendants unequally applied the laws for the purpose of discriminating against him. *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (*citing Snowden v. Hughes*, 321 U.S. 1, 6 (1944); *Strickland v. Alderman*, 74 F.3d 260, 264 & n.4 (11th Cir. 1996)). Plaintiff has made no such allegations. He has not identified a similarly situated individual treated differently from him. In other words, plaintiff has not identified any instance in which a citizen of a state that did not test prior to issuing a motorcycle endorsement was granted a reciprocal endorsement in the State of Florida. He also has not alleged the defendants unequally applied the rule for the purpose of discriminating against him. To the contrary, plaintiff alleges the defendants applied the rule because the State of Alabama did not test prior to issuing motorcycle endorsements.

Finally, even if plaintiff had alleged discriminatory treatment, his equal protection claim nevertheless would fail because, according to the allegations in plaintiff's second amended complaint, the challenged rule was rationally rated to a legitimate government purpose. "The rational-basis standard requires that classifications made by the challenged statutes or ordinances be rationally related to the achievement of some legitimate government purpose." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). "The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose—a goal—which the enacting government body could have been pursuing." *Id.* "The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." *Id.* at 922. "The proper inquiry is concerned with the existence of a conceivably rational basis, not whether that basis was actually considered by the legislative body." *Id.* (internal marks omitted). "As long as reasons for the legislative classification may have been considered to be true, and the relationship between the classification and the goal 'is not so attenuated as to render the distinction arbitrary or irrational,' the legislation survives rational-basis scrutiny." *Id.* (*quoting Nordlinger v. Hahn*, 505 U.S. 1, —, 112 S. Ct. 2326, 2332, 120 L. Ed. 2d 1 (1992)).

Plaintiff claims the State of Florida refused to grant him a reciprocal motorcycle endorsement because the State of Alabama, which issued his motorcycle endorsement, did not test prior to issuing motorcycle endorsements. The basis for the rule, therefore, was public safety. The undersigned need not dig very deep to find the rule rationally related to its purpose. Plaintiff's equal protection claim therefore fails.

Turning to plaintiff's Commerce Clause claim, the United States Constitution bestows upon Congress the power "[t]o regulate Commerce . . . among the several States. . . ." U.S. Const., Art. I, § 8, cl. 3. "Although the Constitution does not in terms limit the power of States to regulate commerce, [the Supreme Court has] long interpreted the Commerce Clause as an implicit restraint on state authority, even in the absence of a conflicting federal statute." *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007); *see Bainbridge v. Turner*, 311 F.3d 1104, 1108 (11th Cir. 2002) ("Although the clause speaks literally only to the powers of Congress, it is well settled that it has a 'dormant' aspect as well, namely, one that serves as 'a substantive restriction on permissible state regulation of interstate commerce.'"). "'This "negative" aspect of the Commerce Clause prohibits economic protectionism – that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" *Bainbridge*, 311 F.3d at 1108 (*quoting New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 273-74

(1988)).

"To determine whether a law violates this so-called 'dormant' aspect of the Commerce Clause, we first ask whether it discriminates on its face against interstate commerce." *United Haulers Ass'n*, 550 U.S. at 338. "In this context, 'discrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Id.* (internal marks omitted). Plaintiff has not identified any rule or regulation that discriminates on its face. As the Supreme Court observed, "any notion of discrimination assumes a comparison of substantially similar entities." *See id.* at 342 (internal marks omitted). As set forth above, at the time of the acts giving rise to plaintiff's complaint, the State of Alabama did not require testing prior to issuing motorcycle endorsements; the State of Florida, on the other hand, did. The two states thus were not substantially similar insofar as the qualifications for receiving motorcycle endorsements were concerned.

Plaintiff also has not alleged any economic interest at issue, much less an economic interest that benefitted the State of Florida and burdened the State of Alabama. Instead, plaintiff's claim is based on a rule designed to ensure public safety. As the Supreme Court stated, "[t]he States traditionally have had great latitude under their police powers to legislate as to the protection of the lives, limbs,

health, comfort, and quiet of all persons." *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 756 (1985) (internal marks omitted). To that end,

> [i]n the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles,-those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers . . . . This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce.

*Hendrick v. State of Md.*, 235 U.S. 610, 622 (1915). Plaintiff plainly has not pled a claim under the Commerce Clause upon which relief can be granted.

Finally, plaintiff has failed to state a claim upon which relief can be granted under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as he has not alleged he is a member of a racial minority or that race played any role in the decision to deny him a reciprocal motorcycle endorsement. *See, e.g., Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) ("The elements of a cause of action under § 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.") (internal marks omitted).

For the reasons set forth above, plaintiff has failed to state a claim upon which relief can be granted against any of the defendants. The defendants' motions to dismiss therefore should be granted, and plaintiff's motions for judgment on the pleadings should be denied.[1]

Accordingly, it is respectfully RECOMMENDED:

1.      That Defendant, Escambia County Tax Collector's Motion to Dismiss Second Amended Complaint (doc. 21) be GRANTED.

2.      That the Corrected Motion to Dismiss of Defendants State of Florida and Florida Department of Highway Safety and Motor Vehicles (doc. 24) be GRANTED, and the complaint be DISMISSED, with judgment for defendants.

3.      That plaintiff's motions for judgment on the pleadings (docs. 27, 32) be DENIED.

4.      That the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of August, 2017.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's motions for judgment on the pleadings are premature. *See* Fed. R. Civ. P. 12(c). Nevertheless, they should be denied on the merits for the reasons stated in this Report and Recommendation.

Case No. 3:15cv245-LC-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv245-LC-CJK